WO

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

United States of America
v.

**_ORDER OF DETENTION PENDING TRIAL_**

Juan Alberto Castro-Llanes          Case Number:     17-09009MJ

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been submitted to the Court. I conclude that the following facts are established:   *(Check one or both, as applicable.)*

☐ by clear and convincing evidence the defendant is a danger to the community and require the detention of the defendant pending trial in this case.

☒ by a preponderance of the evidence the defendant is a serious flight risk and require the detention of the defendant pending trial in this case.

**PART I -- FINDINGS OF FACT**

☐ (1) 18 U.S.C. §3142 (e)(2)(A):  The defendant has been convicted of a (federal offense)(state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ [1]

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

  ☐ any felony that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. §2250.

☐ (2) 18 U.S.C. §3142(e)(2)(B):  The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) 18 U.S.C. §3142(e)(2)(C):  A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding 1.

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

**Alternative Findings**

☐ (1) 18 U.S.C. 3142(e)(3):  There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____ [1]

  ☐ under 18 U.S.C. § 924(c), 956(a), or 2332b.

  ☐ under 18 U.S.C. 1581-1594, for which a maximum term of imprisonment of 20 years or more is prescribed.

  ☐ an offense involving a minor victim under section _____ .[2]

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

[2] Insert as applicable 18 U.S.C. §§1201, 1591, 2241-42, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Alternative Findings**

☒ (1) There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☐ (2) No condition or combination of conditions will reasonably assure the safety of others and the community.

☐ (3) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror).

☐ (4) _____

**PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION**
*(Check one or both, as applicable.)*

☐ (1) I find that the credible testimony and information[3] submitted at the hearing establishes by clear and convincing evidence as to danger that:

☒ (2) I find that a preponderance of the evidence as to risk of flight that:

☒ The defendant has no significant contacts in the District of Arizona.

☒ The defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.

☒ The defendant has a prior criminal history.

☐ There is a record of prior failure to appear in court as ordered.

☐ The defendant attempted to evade law enforcement contact by fleeing from law enforcement.

☐ The defendant is facing a minimum mandatory of _____ incarceration and a maximum of _____.

☒ The defendant does not dispute the information contained in the Pretrial Services Report.

---

[3] The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing.  18 U.S.C. § 3142(f).  See 18 U.S.C. § 3142(g) for the factors to be taken into account.

☒ In addition:

<u>The defendant submitted the issue of detention.  Defendant has pending State charges. The defendant has ties to a foreign country.  There is no evidence of defendant having community ties in the District of Arizona or elsewhere within the United States.  The weight of the evidence against the defendant is great.</u>

The Court incorporates by reference the findings of the Pretrial Services Agency which were reviewed by the Court at the time of the hearing in this matter.

## PART III -- DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

## PART IV -- APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Court.  Pursuant to Rule 59(a), FED.R.CRIM.P., effective December 1, 2009, Defendant shall have fourteen (14) days from the date of service of a copy of this order or after the oral order is stated on the record within which to file specific written objections with the district court.  Failure to timely file objections in accordance with Rule 59(a) may waive the right to review. 59(a), FED.R.CRIM.P.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Court to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

DATED this 2nd day of February, 2017

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge